

450 Seventh Ave
Suite 1408
New York, NY 10123

May 16, 2018

Rafi Hasbani
T. 646.490.6677
F. 347.491.4048
rhasbani@hasbanilight.com

*Licensed in NY & NJ*

<u>**Via ECF**</u>
Hon. Judge Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street, Rm 248
White Plains, NY 10601

   RE: In re: Karen T. Beltran
      Case No.: 17-08233
      Gustavia v. Deutsche Bank
      Case No.: 17-08233

Dear Judge Drain:

  Our office represents Gustavia Home, LLC ("Gustavia") in the above referenced matters. The discovery in the adversary proceeding is not complete and we write to request that a discovery conference be set to set deadlines for Deutsche Bank to provide outstanding discovery responses. Deutsche Bank submitted some responses with boilerplate objections and an incomplete payment history.

  Gustavia served discovery demands upon Deutsche Bank that were carefully crafted to obtain information regarding the amounts due on the loan. Without the production of these records requested, which Deutsche Bank should have as part of its ordinary course of business, it is impossible to ascertain the amounts due under Deutsche Bank's loan. For example, it is impossible to ascertain advances allegedly made for taxes and insurance, fees for inspections, Brokers' Price Opinions and other costs, and interest that they seek to collect. It is also impossible to determine if fees and costs have improperly been added to the loan, resulting in, for example, the clogging of Gustavia's right of redemption and elimination of its equity in the Property.

  Gustavia has made attempts to resolve the outstanding discovery with Deutsche Bank outside of Court. Deutsche Bank, by its attorneys, served discovery responses dated October 11, 2017. After review of the documents, we notified Deutsche Bank's counsel that the responses are insufficient. Deutsche Bank failed to provide actual proof of payment of escrow advances and inspection fees other than a self-serving and incomplete transaction history. The transaction history only reflects payments through

December 6, 2013, despite the fact that the records should have dated back to March 30, 2006 (the date of origination for the Deutsche Bank loan).

These deficiencies were discussed with counsel for Deutsche Bank. The parties came to an agreement to extend Deutsche Bank's time to respond. A subpoena was sent by Deutsche Bank's counsel to the prior servicer of their loan to obtain the missing records. However, the supplemental responses served by Deutsche Bank only provided a transaction history dating back to October 8, 2010 rather than to March 30, 2006 (the date of origination). As a result, we are still missing roughly (4) years of records.

Not only does Deutsche Bank fail to provide a complete transaction history, it also fails to submit any RESPA notices notifying the Debtor of the rate changes on her adjustable rate loan. Our discovery demands requested copies of all RESPA notices notifying the Debtor of the rate changes. Without RESPA notices, Deutsche Bank is legally unable to collect interest on the adjusted rates and the amounts due on the loan reflect the reversal of interest.

The failure to provide discovery infringes on the rights of Gustavia and the amounts due on the Deutsche Bank loan will continue to remain unknown. Also, any depositions held without the completion of paper discovery will not provide a complete testimony, since the information needed remains unknown. If Deutsche Bank cannot prove the amounts due on its loan, this Court should prohibit them from recovering those unsubstantiated amounts allegedly due. In addition, Deutsche Bank's Proof of Claim should be amended to reflect the lack of records.

Based on the foregoing, it is respectfully requested that a discovery scheduling conference be held to set deadlines for Deutsche Bank's time to respond to the outstanding discovery demands.

Thank you for your time and attention to this matter.

Respectfully,

Rafi Hasbani, Esq.

Cc:
Wendy Marie Weathers, Esq.
wweathers@cabanillaslaw.com

cc:
Kristen D. Romano, Esq.
kromano@mcglinchey.com